IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jackie Palmer, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:19-cv-01588-TLW |
| | ) | |
| v. | ) | |
| | ) | |
| Andrew M. Saul, | ) | **Order** |
| Acting Commissioner of Social Security | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jackie Palmer brought this action pursuant to Section 205(g), as amended 42 U.S.C. 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for Supplemental Security Income. This matter is before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Kaymani West. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. ECF No. 16. Plaintiff filed objections to the Report. ECF No. 18. The Commissioner replied to Plaintiff's objections. ECF No. 21. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

    The Court has carefully reviewed the Report, the objections thereto, and all other submitted filings. In this case, Plaintiff was treated by a number of medical providers, and asserted that the following conditions prevented him from working: bulging disc in back, diabetes, high blood pressure, mental disorder, heart problems, poor circulation, and swelling in the legs. ECF No. 16 at 3 (citing Tr. 284). The ALJ ultimately determined that Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. ECF No. 9-12 at 13. The Magistrate Judge determined that the ALJ's findings and decisions were supported by substantial evidence, and therefore, the Magistrate Judge recommends that the Commissioner's decision be affirmed. ECF No. 16 at 32.

    After careful review of the Report and the objections, the Court accepts the Report which sets forth in significant detail why the Magistrate Judge concludes the Commissioner's decision should be affirmed. The Report sets forth how a

treating physician's opinion should be weighed citing caselaw and applicable regulations and finds that the ALJ carefully considered the record and had a proper basis to give "little weight" to medical opinions without fully rejecting those opinions. More specifically, the Report analyzes why the ALJ assigned the medical opinions "little weight" noting that the limitations and conclusions were not supported by the medical evidence of record. As stated in the Report, the ALJ based his decision on the medical documentation of record, noting the "check-box" format of each medical assessment and the lack of explanation, specificity, and reasoning therein, as well as the medical findings that did not corroborate Plaintiff's assessed limitations.

In the objections, Plaintiff acknowledges that "check a box or fill in a blank are weak evidence at best…", ECF No. 18 at 4, but asserts that the ALJ's assignment of "little weight" to the medical opinions was improper because the ALJ "rejected the consistent treating and examining opinions without adequate rationale", *Id*. at 8, and that the opinions are "deserving of more weight", *Id*. at 4.

As outlined in the Report, a review of the record shows the ALJ considered and analyzed the opinions of Dr. Jenkins, Dr. Green, Dr. Rodgers, and Dr. Tollison in detail. As to Dr. Jenkins, the Magistrate Judge sets forth a detailed discussion of the ALJ's analysis on pages 18-22 of the Report. As to Dr. Green, the Magistrate Judge sets forth a summary of the ALJ's analysis on pages 22-25 of the Report. The Report further discusses the ALJ's reasoning as to Dr. Rogers and Dr. Tollison on pages 25-32. The Court finds the analysis in the Report is detailed,

accurate, and persuasive. Ultimately, the ALJ determined, as the Report analyzes, that the opinions should be given "little weight" because they were not supported by the medical evidence. As discussed in the Report, the ALJ's explanation for the weight given to each opinion was based on the evidence presented and the ALJ cited to the medical records, discussed the format of the assessments and the lack of detail therein, and cited medical findings that did not support or were in direct contradiction to the opinion findings. The Report outlines the detailed and thorough analysis conducted by the ALJ. The Court accepts the Report for the reasons stated.

After careful consideration, the Court finds that there is substantial evidence to support the ALJ's decision to deny benefits. As the Magistrate Judge noted in the Report, the ALJ performed a significant review of the record and outlined Plaintiff's medical conditions and assessments. The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). The Court accepts the detailed analysis set forth in the Report of the Magistrate Judge, which concludes that the ALJ's assignment of "little weight" to the medical opinions is based upon substantial evidence and is without legal error.

For these reasons and those stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 16, is **ACCEPTED**, and Plaintiff's objections, ECF No.

4

18, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.[1]

    **IT IS SO ORDERED**.

                                   _s/ Terry L. Wooten_
                                   Terry L. Wooten
                                   Senior United States District Judge

January 29, 2021
Columbia, South Carolina

---

[1] The Court notes two recent Fourth Circuit opinions (i) *Dowling v. Comm'r of Soc. Sec. Admin.*, No. 19-2124, 2021 WL 203371 (4th Cir. Jan. 21, 2021), and (ii) *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020), both considered in connection with this Order.